J-S54029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMEY C. ROBERTSON | : | |
| | : | |
| Appellant | : | No. 521 MDA 2020 |

Appeal from the PCRA Order Entered March 6, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001791-2002

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: APRIL 1, 2021**

Jamey C. Robertson appeals from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Robertson maintains that the PCRA court erred in dismissing his petition as untimely. He claims the newly discovered fact exception to the time-bar renders his petition timely. We affirm.

A previous panel of this Court set forth the underlying facts:

> On October 17, 1999, [Robertson] entered a pizza shop, demanded money, and repeatedly stabbed an employee. A jury convicted [Robertson] on August 7, 2003, of criminal attempt – homicide, aggravated assault, robbery, possessing an instrument of crime, and recklessly endangering another person. The [trial] court sentenced [Robertson] on September 17, 2003, to an aggregate term of [30 to 60] years' imprisonment. This Court affirmed the judgment of sentence on April 26, 2005 and [Robertson] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. ***See Commonwealth v. Robertson***, 874 A.2d 1200 (Pa.Super. 2005).

[Robertson] timely filed his first PCRA petition. . . . The PCRA court appointed counsel, who filed several amended petitions. . . . [T]he PCRA court denied [Robertson's] petition on June 30, 2008. This Court affirmed on September 16, 2009, and our Supreme Court denied allowance of appeal on April 12, 2010. **See Commonwealth v. Robertson**, 986 A.2d 1263 (Pa.Super. 2009) [(unpublished memorandum) at 1-8, appeal denied, 992 A.2d 888 (Pa. 2010)].

**Commonwealth v. Robertson**, 151 A.3d 1146 (Pa.Super. 2016) (unpublished memorandum).

After Robertson filed several additional unsuccessful PCRA petitions, he filed the instant petition, his fifth, on March 13, 2019. In his petition, Robertson acknowledged that his petition was untimely but claimed that he had discovered new facts that rendered his petition timely. To that end, Roberson asserted that a letter he received from Leon Iverson, a fellow inmate, detailed previously unknown exculpatory information. Iverson stated in the letter that he had spoken to his aunt, Shenita Allen, a witness in Robertson's trial, and Allen admitted that she lied to police about a jacket allegedly belonging to Robertson. The jacket she was allegedly referring to was an important piece of evidence at trial, because the jacket contained the victim's blood. The PCRA court noted the significance of the jacket by explaining:

At [Robinson's] trial, testimony was presented that police executed a search warrant at [Robinson's] residence located at the Spruce Park apartment complex. During the search of [Robinson's] residence, police found a New York Giant's football jacket. Bloodstains were found on the New York Giants jacket that was determined to be an exact match of the blood sample obtained by police from the victim of the offense. In addition to

the above, a witness by the name of Michael Allen[1] testified that [Robinson] owned and possessed a New York Giants jacket on the night the robbery occurred. Further, [Robinson] fled from Lebanon County and remained a fugitive for roughly three (3) years before he was apprehended in New Jersey.

PCRA Ct. Order, 3/6/20, at 3.

Robertson attached Iverson's letter to his instant PCRA petition and asserted that he had received the letter in January or February of 2019. The PCRA court appointed counsel, who filed a notice of intent to submit a **Turner/Finley**[2] no merit letter. The PCRA court rejected counsel's no merit letter in a December 18, 2019 order. The court noted it was "a close call," but ultimately concluded that because the letter referenced an important piece of evidence at trial, the court would err on the side of allowing Robertson to be heard at a hearing. The PCRA court conducted a hearing on March 5, 2020, at which Iverson testified. The court made the following factual finding in light of his testimony:

> It was clear to this [c]ourt that most of Mr. Iverson's knowledge about the New York Giants jacket was obtained from other individuals; thus, it was unreliable hearsay from other individuals who would have had ample prior opportunity to share the information and who did not appear at the March 5 hearing.

> Mr. Iverson acknowledged that he did not know exactly when or where the robbery in question occurred. He acknowledged that he was not present at the robbery and could not know what was being worn by the culprit.

---

[1] Iverson's aunt, Shenita Allen, is married to Michael Allen.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Mr. Iverson acknowledged that he was not present at trial and did not see the jacket that was introduced in evidence.

Mr. Iverson acknowledged that he did not know where [Robinson] lived at the time of the robbery and he had no knowledge about whether [Robinson] possessed a New York Giants jacket at that residence.

Although [Robinson] stated that he personally saw "Duck" wearing a New York Giants jacket, he could not tie the jacket worn by "Duck" to the jacket that was found in [Robinson's] apartment.

When specifically asked whether Mr. Iverson was accusing "Duck" of committing this crime, Mr. Iverson responded "I am not accusing anyone of anything."

PCRA Ct. Order at 4-5.[3]

Accordingly, the court denied Robinson's petition as untimely. Robinson filed the instant appeal and a court-ordered Pa.R.A.P. 1925(b) statement.

Robinson's raises two issues for our review:

1. Whether the [PCRA] court erred and/or abused its discretion when it denied [Robinson's] PCRA petition as untimely.

2. Whether the [PCRA] court erred and/or abused its discretion when it failed to issue [Robinson] a new trial after [Robinson] presented "newly discovered evidence" for PCRA purposes.

Robinson's Br. at 9.

"When reviewing the denial of a PCRA petition, this Court's standard of review is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.Super. 2018)).

---

[3] During his testimony, Iverson also claimed that Will Allen, Michael Allen's brother, told him that Robertson was being "set up." N.T., 3/5/20, at 299.

Timeliness is a jurisdictional threshold to PCRA relief. ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super. 2015). A PCRA petition is timely if filed within one year after the date the judgment of sentence became final, unless an exception to the one-year deadline applies. ***Hart***, 199 A.3d at 480. In this case, Robinson's conviction became final on May 26, 2005. Thus, the one-year deadline expired on May 26, 2006, and the instant petition, filed in 2019, is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Robinson's petition unless he pleaded and proved that one of the statutory exceptions to the PCRA's one year time-bar applied.

Robinson argues that his petition is timely pursuant to the newly discovered fact exception. Robinson claims that Iverson's letter and subsequent testimony regarding his observations about a New York Giant's jacket, worn by an acquaintance of Robertson, constituted a newly discovered fact that he only became aware of in January or February 2019. He also refers to Iverson's claim that Will Allen told him Robinson was being "set up." Robinson asserts that he could not have discovered these facts previously through the exercise of due diligence because Iverson did not tell him until January or February 2019.

Robinson fails to establish that his claim survives the PCRA's time-bar. The newly discovered fact exception allows for the filing of a PCRA petition after the one-year deadline if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. . . ." 42 Pa.C.S.A. § 9545(b)(1)(ii);

*Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa.Super. 2017). Due diligence "does not require perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." *Commonwealth v. Brensinger*, 218 A.3d 440, 449 (Pa.Super. 2019) (*en banc*) (quoting *Shiloh*, 170 A.3d at 558). The newly discovered fact exception does not entail an analysis of the merits of a related after-acquired evidence claim. *See Commonwealth v. Robinson*, 185 A.3d 1055, 1059 (Pa.Super. 2018) (*en banc*). Nevertheless, the exception, by its terms, requires that the "fact" a petitioner claims to have newly discovered must bear some logical connection to a plausible claim for relief. *See id.* at 1062.

In this case, the trial court focused on the substance of Iverson's allegations in relation to any plausible claim for relief. However, we affirm because Robertson did not carry his burden to plead and prove due diligence.[4] Robertson merely states that Iverson first informed him of his allegations in January or February 2019. That does not explain why he reasonably could not have learned the "fact" of Duck's coat earlier. *See Brensinger*, 218 A.3d at 449. Hence, the PCRA court properly determined that Robinson failed to invoke 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, the PCRA court did not err

---

[4] It is well-settled that "we may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa.Super. 2016) (quotation omitted).

in concluding that it was without jurisdiction to consider the merits of Robinson's untimely PCRA petition. **_See Brown_**, 111 A.3d at 175.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/01/2021